Alejandro FLORES–NAVA; Rosalba Flores, Petitioners,

v.

---

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Alberto R. GONZALES,* Attorney General, Respondent.

No. 03–71705.

Agency Nos. A91–820–040, A78–241–107.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 11, 2005.

Decided April 25, 2005.

Nora E. Milner, Milner & Markee, LLP, San Diego, CA, for Petitioners.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Francis W. Fraser, Greg D. Mack, U.S. Department of Justice, Civil Div./Office Of Immigration Lit., Washington, DC, for Respondent.

Before HALL, WARDLAW, and PAEZ, Circuit Judges.

## MEMORANDUM**

Alejandro Flores–Nava and Rosalba Flores, natives and citizens of Mexico, petition for review of the Board of Immigration Appeals' ("BIA") denial of their applications for cancellation of removal under 8 U.S.C. § 1229b(b). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

---

* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Petitioners knowingly encouraged, induced, assisted, abetted, and aided another alien—their daughter, Catherine—to illegally enter the United States. Accordingly, petitioners are not "person[s] of good moral character," *see* 8 U.S.C. §§ 1101(f)(3) and 1182(a)(6)(E)(i), and therefore do not meet the requirements for cancellation of removal, *see* 8 U.S.C. § 1229b(b), unless one of the two alien smuggling waivers applies. *See* 8 U.S.C. § 1182(a)(6)(E)(ii), (d)(11).

Petitioners do not qualify for the waiver under 8 U.S.C. § 1182(a)(6)(E)(ii) because they were not physically present in the United States prior to May 5, 1988. *See* 8 U.S.C. § 1182(a)(6)(E)(ii). Petitioners also fail to qualify for the waiver under 8 U.S.C. § 1182(d)(11) because they are not aliens lawfully admitted for permanent residence or aliens seeking admission or adjustment of status as immediate relatives or immigrants under 8 U.S.C. § 1153(a). *See* 8 U.S.C. § 1182(d)(11). Therefore, the BIA correctly determined that petitioners are ineligible for removal.

Petitioner's equal protection argument is without merit. Limiting eligibility for relief under 8 U.S.C. § 1182(d)(11) to aliens lawfully admitted for permanent residence and aliens seeking admission or adjustment of status under 8 U.S.C. § 1153(a) is rationally related to a legitimate government interest. Because illegal entry violations directly undermine enforcement efforts of the Department of Homeland Security, it is reasonable for the Government to distinguish between aliens lawfully admitted for permanent residence and inadmissible aliens. Likewise, it is reasonable for the Government to distinguish between aliens seeking admission or adjustment of status under 8 U.S.C. § 1153(a), on the one hand, and inadmissible aliens, on the other, because the former have a close familial relationship with a United States citizen or lawful permanent resident, and attempting to assure family unity is a facially legitimate government interest.

**PETITION DENIED.**